UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TIMOTHY BETTS, SR.**                                      **CIVIL ACTION**

**VERSUS**                                                                             **NO. 19-14680**

**ROSS BRENNAN ET AL.**                             **SECTION: "H"**

## ORDER AND REASONS

      Before the Court is Defendants' Motion for Summary Judgment (Doc. 8). Previously, this Court granted this Motion in part, holding that Defendant State Trooper Ross Brennan was not entitled to qualified immunity and that the Louisiana Department of Public Safety and Corrections, Office of State Police did not qualify as a "person" as that term is used in 42 U.S.C. § 1983.[1] Brennan appealed the denial of qualified immunity.[2] The Fifth Circuit Court of Appeals reversed this Court's denial of summary judgment on the issue of qualified immunity and remanded for proceedings consistent with its opinion.[3]

---

[1] *See* Doc. 19.
[2] *See* Doc. 21.
[3] *See* Doc. 31.

1

For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This 42 U.S.C. § 1983 action arises out of a traffic stop during which Plaintiff Timothy Betts, Sr. alleges he was tased without provocation. On November 28, 2018, Plaintiff was stopped for speeding by Trooper Brennan. After initially complying with Brennan's orders to retrieve his license and registration, Plaintiff continually refused to honor Brennan's request to stand at the back of his truck. When Trooper Brennan grasped Plaintiff's arm while again ordering him to exit, Plaintiff jerked his arm away and told Brennan not to touch him. Plaintiff also told Brennan that he should call for backup. Eventually stepping out of the truck, Plaintiff continued to fail to comply with orders. Trooper Brennan warned Plaintiff that he would tase him if Plaintiff did not turn and face him. When Plaintiff did not do so, Brennan tased him. Plaintiff alleges that the use of the taser caused mental and physical injuries.

Plaintiff brings this suit against Brennan and the State of Louisiana through the Louisiana Department of Public Safety and Corrections, Office of State Police ("DPSC") alleging excessive force under § 1983, as well as assault, battery, and negligent and intentional infliction of emotional distress under Louisiana law. Defendants moved for summary judgment, arguing that (1) Plaintiff's claims are barred by *Heck v. Humphrey*, (2) Brennan is entitled to qualified immunity, and (3) DPSC is not a "person" liable under § 1983. In its previous Order and Reasons, this Court determined that *Heck v. Humphrey*

did not bar Plaintiff's claims, Brennan is not entitled to qualified immunity, and DPSC does not qualify as a "person" under § 1983. The Court now reconsiders its holding as to qualified immunity in light of the Fifth Circuit's reversal on the issue.

## LAW AND ANALYSIS

A state law enforcement officer like Trooper Brennan enjoys qualified immunity unless (1) he "violated a statutory or constitutional right of the plaintiff" and (2) "the right was clearly established at the time of the violation."[4] The Fifth Circuit determined that Trooper Brennan did not violate the Fourth Amendment by tasing Betts one time in order to arrest him. Therefore, Trooper Brennan is entitled to qualified immunity. Plaintiff's § 1983 claim against Brennan is dismissed with prejudice.

Because Plaintiff's § 1983 claims against Brennan and DPSC have been dismissed with prejudice, his only remaining claims arise under Louisiana tort law.[5] Under 28 U.S.C. § 1367(c), district courts have discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims where the court has dismissed all claims over which it had original jurisdiction. "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[6]

---

[4] Dyer v. Houston, 964 F.3d 374, 380 (5th Cir. 2020) (citation omitted).
[5] *See* Doc. 19.
[6] Brookshire Bros. Holding v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009); *see also* Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir.), *cert. denied*, 516 U.S. 818 (1995) (district court did not abuse discretion by remanding remaining state claims).

3

The Fifth Circuit has advised that in determining whether to relinquish jurisdiction over pendent state law claims, a court should "look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity."[7] The statutory factors concern whether "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[8]

These statutory factors weigh in favor of dismissing Plaintiff's state law claims. While the first and fourth factors are inapplicable here, the second and third are relevant because only state law claims remain pending before this Court. Additionally, the principles of judicial economy and comity support dismissal. Although this case has been pending in federal court for some time, that is because the case was stayed pending the appeal of the Court's qualified immunity holding.[9] Overall, there are relatively few filings in this case, so efforts on remand will not be overly duplicative. And Louisiana state courts have a significant interest in resolving issues of state law.

---

[7] Enochs v. Lampasas Cnty., 641 F.3d 155, 158–59 (5th Cir. 2011).
[8] 28 U.S.C. § 1367(c) (2018).
[9] *See* Doc. 29.

## CONCLUSION

For the foregoing reasons, Defendants' Motion (Doc. 8) is **GRANTED**. **IT IS ORDERED** that Plaintiff's § 1983 claim against Brennan is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana, for all further proceedings.

New Orleans, Louisiana this 12th day of April, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

5